UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
RONALD M. ACKRIDGE,

                                        Plaintiff,                          09-CV-10396 (CS)(LMS)

              - against -

NEW ROCHELLE CITY POLICE DEPARTMENT                       **ORDER ADOPTING**
and DETECTIVE JUSTIN WILSON, of and for NEW               **REPORT AND**
ROCHELLE CITY POLICE DEPARMTENT,                         **RECOMMENDATION**

                                        Defendants.
--------------------------------------------------------------------x

Appearances:

Ronald M. Ackridge
Valhalla, New York
Pro se *Plaintiff*

Brian S. Sokoloff
Sokoloff Stern LLP
Westbury, New York
*Counsel for Defendants*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/2011
```

Seibel, J.

       Before the Court is the Report and Recommendation (the "R&R") issued by Magistrate

Judge Lisa Margaret Smith in this case. (Doc. 33.) It is dated September 23, 2011, and

addresses the motion for summary judgment of the Defendants. (Doc. 25.) Plaintiff has filed

objections to the R&R. (Doc. 34.) Familiarity with the R&R and with prior proceedings in the

case is presumed. For the reasons stated below, the R&R is adopted as the decision of the Court.

       A district court reviewing a magistrate judge's report and recommendation "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report

and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days

after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon,* 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith,* 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.,* No. 07-CV-6865, 2008 U.S. Dist. LEXIS 92267, at *2 (S.D.N.Y. Oct. 31, 2008).[1]

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue,* 05-CV-6527, 2008 U.S. Dist. LEXIS 74488, at *3-4 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.,* No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3

---

[1]     Plaintiff will be provided with copies of all unpublished opinions cited in this Order.

(S.D.N.Y. July 21, 2008) (internal quotations marks omitted), *aff'd*, 367 F. App'x 210 (2d Cir. 2010).

Plaintiff reiterates arguments he made to Judge Smith regarding the lack of probable cause for his arrest, so I could review for clear error, but in an excess of caution I will review the R&R *de novo*. The thrust of Plaintiff's argument is that Detective Wilson lacked probable cause to arrest Plaintiff because the victim in the case, Ms. Saidani, did not see Plaintiff take her laptop, and her affidavit does not even say that she saw him attempt to take her laptop charger. Having reviewed the Supplemental Incident Report she gave to Detective Wilson, I cannot agree with Plaintiff's interpretation of that document. Ms. Saidani clearly says that she saw a black male attempt to take her laptop charger from the wall, confronted him, noticed at the same time that her laptop was missing, and ran after the man without success. She clearly further says that on the following day, she identified Plaintiff from a photo array. The victim's identification from a photo array is sufficient to provide probable cause to arrest. *See, e.g., People v. Radcliffe*, 808 N.Y.S.2d 22, 23 (1st Dep't 2005). That the victim described the man she picked from the array as "the person who stole my laptop computer" rather than as "the person who tried to steal the charger for my laptop computer which went missing at about the same time" is insufficient to negate probable cause, especially where: 1) the victim made clear earlier in the statement exactly what she had seen; and 2) it is an entirely logical inference – even disregarding what others told the victim about having seen the man she chased putting the laptop in his backpack before she confronted him – that the individual trying to steal the charger for a missing laptop was responsible for the laptop being missing. That inference may not be conclusive, but it does not have to be in order to support probable cause to arrest. (*See* R&R at 8-9.)

-3-

Accordingly, it is hereby ORDERED that the R&R is adopted as the decision of the Court. Defendants' motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 25), enter judgment for Defendants, and close the case. This Order shall be sent to Plaintiff by mail at his address of record and at the following address: c/o Nancy Corrigan, 133 Bayberry Lane, New Rochelle, NY 10801

**SO ORDERED.**

Dated: October 25, 2011
       White Plains, New York

                         CATHY SEIBEL, U.S.D.J.